UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **BITTERROOT HOLDINGS, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22**<br><br>**Defendant.** | Civil Action No. 5:19-cv-00051 |

### DEFENDANT'S NOTICE OF REMOVAL

**TO THE JUDGES AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, and Local Rule 81, Defendant **BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATE, SERIES 2006-22** ("BONY" or "Defendant") hereby remove the above-captioned action from the 166th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas San Antonio Division.

### THE REMOVED CASE

1. The removed case is a civil action filed on October 4, 2018, in the 166th Judicial District Court of Bexar County, Texas, styled *Bitterroot Holdings, LLC v. The Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc.,*

1

*Asset-Backed Certificates, Series 2006-2*. The case received cause number 2018-CI19258 in the state court.

2.      Plaintiff's Original Petition alleges a cause of action for tortious interference with Contract and loosely alleges a wrongful foreclosure cause of action. Plaintiff seeks declaratory relief and monetary damages related to real property located at 11 Champions Way, San Antonio, Texas 78258 (the "Property"). *See* Plaintiff's Original Petition attached as Ex. 1. ("Petition").

**PROCEDURAL REQUIREMENTS**

3.      Venue in the Western District of Texas San Antonio Division is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court action is pending.

4.      In accordance with 28 U.S.C. §1446(a) and Local Rules of the Western District of Texas, Defendant attaches hereto true and correct copies of all process, pleadings, and orders in the state court action to date, in addition to an Affidavit regarding the appraised value of the Property regarding the fair market value of the Property, as Exhibits 1 through 7.

5.      On October 4, 2018, Plaintiff filed suit in state court. Plaintiff has not served Defendant with citation and a copy of the Petition. Accordingly, removal is timely pursuant to 28 U.S.C. §1446(b).

6.      Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal to Federal Court is being filed with the 166th District Court of Bexar County, Texas. Defendant will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d).

### THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332

7. There is already a lawsuit pending in Western District of Texas San Antonio associated with these parties involving the same Property and over the same issues. Plaintiff filed this lawsuit to get around the fact that pleadings deadlines expires **years ago** at this point. The pending case is Civil Action No. 5:14-cv-804; *Bitterroot Holdings, LLC vs. The Bank of New York Mellon et al. vs. Vance*. Defendant removes this matter and will move to consolidate. Pursuant to 28 U.S.C. §1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States..." 28 U.S.C. §1332(a)(1). This case falls within this Court's original jurisdiction under Section 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

    **A.**    **Diversity of Citizenship**

8. Based on the lawsuit currently pending in this District and Division, it is appropriate for this lawsuit to be removed to same and consolidated with the 2014 lawsuit. According to its Original Petition, Plaintiff is a citizen and current resident of Texas. *See* Petition ¶¶ 5 and 12.

9. The Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificateholders of the SWABS, Inc., Asset-Backed Certificates, Series 2007-4 as trustee controls for diversity purposes. *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.,* 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009) ("[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee"). Plaintiff alleges that "This defendant is

3

a foreign entity with its principal place of business outside of Texas..." *See* Plaintiff's Original Petition ¶ 7. Plaintiff admits that BONY is not a citizen of Texas for diversity purposes.

10. There is complete diversity of citizenship in this case because Plaintiff is not a citizen of the same states as Defendant. 28 U.S.C. §1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S. Ct. 1015, 1017 (1990).

### B. Amount in Controversy

11. Removal is proper where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003). This burden is met if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *See Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009). In this case, the Court may look at (1) the current fair market value of the object of requested declaratory and injunctive relief; and (2) alleged actual damages, punitive damages, and attorneys' fees.

12. In actions seeking this type of relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013); *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996); *Dreyer v. Jalet*, 349 F.Supp. 452 (S.D. Tex. 1972) *affirmed* 479 F.2d 1044. In *Farkas*, the plaintiff sought damages "not to exceed $60,000," a temporary restraining order, declaratory judgment, and a permanent injunction on the defendants' foreclosure of real property. *Farkas* at 341. The Court held that in actions seeking such declaratory and injunctive relief, the property is the object of the litigation. *Id*. "In actions enjoining a lender from transferring property and

preserving an individual's ownership interest . . . the value of the property represents the amount in controversy." *Id*.

13. In this case, Plaintiff seeks declaratory relief to preserve its alleged foreclosed interest, if any, in the Property. Plaintiff does not allege a value to the Property, but according to the Bexar County Appraisal District, the 2018 appraised value of the Property is **$866,280** (the "CAD Value") (Exhibit 6). It is apparent from the face of the Petition that the amount in controversy in this case exceeds the minimum amount in controversy for diversity jurisdiction.

14. Plaintiff seeks to retain possession of the Property and void a non-judicial foreclosure sale. At a minimum, the CAD Value establishes the amount in controversy. *Kew v. Bank of America, N.A.*, 2012 WL 1414978, *3 (S.D. Tex. 2012); *King v. HSBC Bank USA, N.A.*, 2012 WL 3204190, *2 (W.D. Tex. 2012) (Remand denied because value of Property exceeds $75,000.00).

15. Other United States Courts in the Fifth Circuit make similar findings of fact and conclusions of law. *See also King v. HSBC Bank USA, N.A.*, 2012 WL 3204190, *2 (W.D. Tex. 2012) (Remand denied because value of Property exceeds $75,000.00); *Kew v. Bank of America, N.A.*, 2012 WL 1414978, *3 (S. D. Tex. 2012). In *Kew*, Judge Rosenthal denied remand. She found that "case law makes clear that the value of the Kews' home…is the amount in controversy in this litigation. The Kews seek a permanent injunction preventing the defendants from 'taking any action to foreclose, remove, evict, or deprive [their] peaceful enjoyment of their home.'" *Id*. at *3. If the Kews do not prevail, the Property will be foreclosed, and they will lose all of their rights in the Property. "Because the entire Property is the object of the litigation, the value of the Property - which is greater than $75,000 - is the amount in controversy." *See Buttelman v. Wells Fargo Bank, N.A.,* No. 5:11–CV–00654–XR, 2011 WL 5155919, at *4 (W.

D. Tex. Oct. 28, 2011) (holding that because the plaintiff sought to enjoin foreclosure of the Property, the value of the Property was the amount in controversy); *Berry v. Chase Home Fin., LLC,* No. C–09–116, 2009 WL 2868224, at *3 (S. D. Tex. Aug. 27, 2009) (holding that because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property," and that "the value of the declaratory and injunctive relief to Plaintiff" was "the current appraised fair market value of the Property"). Because the Fifth Circuit's and Judge Rosenthal's opinions are well-reasoned and directly on point, there is no question that the amount in controversy exceeds the minimum threshold requirement for this Court.

## CONCLUSION

16. For the foregoing reasons, this Court has original jurisdiction over this action under 28 U.S.C. §1332, and thus removal to this Court by Defendant is proper. Accordingly, Defendant hereby remove this action from the 166th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.

                Respectfully Submitted,

                //s// Branch M. Sheppard
                BRANCH M. SHEPPARD
                Texas State Bar No. 24033057
                bsheppard@gallowaylawfirm.com

**OF COUNSEL:**

GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH, A PLC

Thomas J. Smith
TBA No. 00788934
tsmith@gallowaylawfirm.com
Kelly C. Hartmann
TBA No. 24055631
khartmann@gallowaylawfirm.com
1301 McKinney, Suite 1400

6

Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT,**
**THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22**

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that a true and correct copy of the foregoing Notice of Removal was served via email to the following on this 18th day of January, 2019.

<u>***VIA EMAIL***</u>
BRIAN J. TRENZ
LAW OFFICES OF DAVID SCHAFER, PLLC
2139 N.W. MILITARY HWY., SUITE 200
SAN ANTONIO, TEXAS 78213

                                //s// Branch M. Sheppard
                                Branch M. Sheppard